UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-85-RLV
(5:14-cr-18-RLV-1)

| | |
|---|---|
| BRENDA WYATT TRIPLETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1.) Also before the Court is Petitioner's "Addendum" to her § 2255 Motion. (Doc. No. 2.)

I. RELEVANT BACKGROUND

On July 14, 2014, Petitioner pled guilty in the District Court, pursuant to a plea agreement, to one count of Conspiracy to Distribute, Possess With Intent to Distribute, and Manufacture Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). (5:14-cr-18-RLV-1, Doc. Nos. 2, 7.) Her case was referred to the U.S. Probation Office for preparation of a presentence report ("PSR"). In the PSR, the probation officer concluded that Petitioner qualified for an enhancement to her base offense level under United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(b)(13)(C)(ii)[1] because the offense involved the manufacture of methamphetamine and created a substantial risk of harm to human life or the environment. (Id. at Doc. No. 12.) On August 7, 2014, the Court conducted Petitioner's sentencing hearing and

---

[1] Petitioner mistakenly cites § 2D1.1(b)(5)(B) as the provision under which her sentenced was enhanced.

1

sentenced her to 120 months in prison. (Id. at Doc. No. 17.)

Petitioner did not file a direct appeal. On May 19, 2016, Petitioner filed the instant § 2255 motion to vacate her sentence. (5:16-cv-85, Doc. No. 1.) She filed an addendum on August 22, 2016. (Id. at Doc. No. 2.)

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Court, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If it plainly appears that the petitioner is not entitled to relief, the court must dismiss the motion.

## III. DISCUSSION

Petitioner's sole claim in her original § 2255 is that she is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015). (5:16-cv-85-RLV, Doc. No. 1 at 4.) In Johnson, the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) is unconstitutionally vague. 135 S. Ct. at 2558. Under the ACCA, a defendant convicted of an offense under 18 U.S.C. § 922(g) faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying prior convictions for either a "violent felony" or a "serious drug offense," and those convictions are "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves*

2

> *conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B)(i)(ii) (emphasis added).  The italicized closing words of § 924(e)(2)(B)(ii) constitute the ACCA's residual clause.  See Johnson, 135 S. Ct. at 2556.  Thus, a defendant who was sentenced to a mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence.  In Welch v. United States, the Supreme Court held that the ruling in Johnson applies retroactively to cases on collateral review.  136 S. Ct. 1257, 1268 (2016).

Petitioner was not convicted of an offense under 18 U.S.C. § 922(g).  Furthermore, assuming that an enhanced sentence for a career offender under U.S.S.G. § 4B1.1 also is unconstitutional under Johnson, it is of no help to Petitioner.  Petitioner's sentence was enhanced under § 2D1.1(b)(13)(C)(ii) based upon a characteristic of her drug offense, not a prior conviction.  Moreover, U.S.S.G. § 2D1.1(b)(13)(C) does not contain a definition of "crime of violence" or "violent felony" that could be held unconstitutionally vague.  Therefore, the holding in Johnson is not implicated in this case.

In her "Addendum," Petitioner seeks retroactive application of U.S.S.G. §3B1.2 (as amended by Amendment 794, eff. Nov. 1, 2015) to her case.  (5:16cv85-RLV, Doc. No. 2.) Specifically, she argues that she is entitled to a minor role reduction based on new guidelines declared in Amendment 794 to the advisory federal sentencing guidelines manual.  Although she brings this claim under § 2255, she is not entitled to relief under this statute.  Amendment 794 issued after Petitioner's conviction became final.  A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c).  United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).

If Petitioner wishes to seek a reduction in sentence based on Amendment 794, she must do so by filing a motion under § 3582(c) in her criminal case. See United States v. Jones, 143 F. App'x 526, 527 (4th Cir. 2005) (unpublished) (holding that the district court erred in construing the petitioners' motions under § 3582(c)(2) for reductions in sentence based on retroactive application of Amendment 591 as § 2255 motions); Ono v. Pontesso, No. 98-15124, 1998 WL 757068, at *1 (9th Cir. Oct. 26, 1998) (noting that a request for a modification of a sentence pursuant to an Amendment to the Sentencing Guidelines "is most properly brought as a motion under 18 U.S.C. § 3582"); see also Wood v. United States, 1:16-CV-00256-MR, 2016 WL 4445766, at *1 (W.D.N.C. Aug. 22, 2016) (stating that, to the extent the petitioner "seeks a reduction in sentence based on Amendment 794, [she] must seek such relief on this claim, if at all, by filing a motion for reduction of her sentence in her criminal case"). Because Petitioner is proceeding pro se, the Court liberally construes her "Addendum" to the § 2255 Motion as a motion seeking reduction under 18 U.S.C. § 3582(c) and will direct the Clerk of Court to file it in Petitioner's criminal case.

**IT IS, THEREFORE, ORDERED THAT:**

1. The § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DENIED**;

2. The Clerk of Court shall recharacterize Document No. 2, Petitioner's "Addendum," as a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c); file it in Criminal Case No: 5:14-cr-18-RLV-1, and terminate the motion in the instant civil case; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2);

Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 2, 2016

Richard L. Voorhees
United States District Judge